IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA22-456

Filed 07 February 2023

Nash County, No. 18 JT 01

IN THE MATTER OF: Z.J.W., A Minor Child.

Appeal by Respondent-Father from Order entered 9 September 2021 by Judge Elizabeth Freshwater-Smith in Nash County District Court. Heard in the Court of Appeals 11 January 2023.

> *Jayne B. Norwood, for petitioner-appellee Nash County Department of Social Services.*
>
> *Garron T. Michael for respondent-appellant father.*
>
> *Poyner Spruill LLP, by Caroline P. Mackie and Andrea Liberatore, for guardian ad litem.*

HAMPSON, Judge.

## **Factual and Procedural Background**

Respondent-Father appeals from the trial court's Termination of Parental Rights Order entered 9 September 2021, which adjudicated grounds to terminate Respondent-Father's parental rights in his minor child Jill[1] pursuant to N.C. Gen. Stat. § 7B-1111(a)(1). The Record before us tends to reflect the following:

---

[1] The juvenile is referred to by the parties' stipulated pseudonym.

On 10 January 2018, the Nash County Department of Social Services (DSS) filed a Juvenile Petition (Petition) alleging Jill was an abused and neglected juvenile as defined by N.C. Gen. Stat. § 7B-101. The Petition alleged that on or about 25 June 2017, DSS received a referral alleging Jill to be an abused and neglected juvenile. Both Respondent-Father and Respondent-Mother stipulated a factual and legal basis exists to adjudicate Jill as being abused and neglected as defined in N.C. Gen. Stat. § 7B-101, as alleged in the Petition. Jill was adjudicated abused and neglected on 11 July 2018. DSS obtained custody of Jill, and the trial court adopted a permanent plan of reunification with a concurrent plan of adoption.

On 20 February 2019, DSS filed a Motion to terminate Respondent-Father's parental rights in Jill. In the Motion, DSS alleged Jill was an abused and neglected juvenile and there was a probability the abuse and neglect would continue if Jill was returned to the custody of Respondent-Father. Following hearings on 27 June 2019 and 25 July 2019, the parental rights of both Respondent-Father and Respondent-Mother were terminated. The trial court entered a Termination of Parental Rights Order on 23 September 2019 (2019 Termination Order). Respondent-Father timely filed written Notice of Appeal.[2]

On appeal to the Supreme Court of North Carolina, Respondent-Father challenged numerous findings of fact and the trial court's conclusion grounds existed

---

[2] Respondent-Mother did not appeal this Order and is not a party to the proceedings on appeal.

for the termination of Respondent-Father's parental rights in Jill. *In re Z.J.W.*, 376 N.C. 760, 855 S.E.2d 142 (2021). Our Supreme Court concluded:

> [T]he trial court's determination that respondent-father's parental rights in Jill were subject to termination on the basis of abandonment and neglect by abandonment lacked sufficient support in the trial court's findings of fact and that the trial court's determination that respondent-father's parental rights in Jill were subject to termination on the basis of prior neglect and the likelihood of a repetition of neglect rested upon a misapplication of the applicable law.

*Id.* at 782, 855 S.E.2d at 158 . The trial court's 2019 Termination Order was reversed, in part; vacated, in part; and remanded, in part, for:

> the entry of a new termination order containing proper findings of fact and conclusions of law concerning the extent to which respondent-father's parental rights in Jill were subject to termination on the basis of prior neglect coupled with the likelihood of a repetition of neglect and whether the termination of respondent-father's parental rights would be in Jill's best interests.

*Id.*

Following the issuance of the Supreme Court's opinion and disposition, the trial court held an in-chambers meeting with counsel for DSS and the guardian *ad litem* (GAL) on 14 July 2021. Neither Respondent-Father, counsel for Respondent-Father, nor any other opposing party was notified or participated in this meeting. Outside of this in-chambers meeting, there were no other meetings or hearings held, and Respondent-Father was not provided with any notice of the termination

proceedings or the trial court's process and decision in filing a new termination order consistent with the Supreme Court's opinion.

On 9 September 2021, the trial court entered a new Termination of Parental Rights Order (2021 Termination Order). In the 2021 Termination Order, the trial court concluded grounds exist to terminate Respondent-Father's parental rights to Jill based on prior neglect and the likelihood of future neglect. Further, the 2021 Termination Order also concluded the termination of Respondent-Father's parental rights was in Jill's best interest. On 11 October 2021, Respondent-Father timely filed written Notice of Appeal of the 2021 Termination Order.

## Issue

The dispositive issue on appeal is whether Respondent-Father was denied a fundamentally fair termination proceeding when the trial court engaged in *ex parte* communications with DSS and the GAL without notice to Respondent-Father prior to the entry of the 2021 Termination Order.

## Analysis

Respondent-Father contends the trial court acted under a "misapprehension of the law" in the entry of the 2021 Termination Order, resulting in Respondent-Father being denied a fundamentally fair proceeding.

"[A] parent enjoys a fundamental right 'to make decisions concerning the care, custody, and control' of his or her children under the Due Process Clause of the Fourteenth Amendment to the United States Constitution." *Adams v. Tessener*, 354

N.C. 57, 60, 550 S.E.2d 499, 501 (2001) (quoting *Troxel v. Granville*, 530 U.S. 57, 66, 147 L. Ed. 2d 49, 57 (2000)). Thus, "[w]hen the State moves to destroy weakened familial bonds, it must provide the parents with fundamentally fair procedures[.]" *In re Murphy*, 105 N.C. App. 651, 653, 414 S.E.2d 396, 397 (1992) (quoting *Santosky v. Kramer*, 455 U.S. 745, 753-54, 71 L. Ed. 2d 599, 606 (1986)).

"A parent whose rights are considered in a termination of parental rights proceeding must be provided with fundamentally fair procedures consistent with the Due Process Clause of the Fourteenth Amendment." *In re J.E.B.*, 376 N.C. 629, 633, 853 S.E.2d 424, 428 (2021) (citations and quotation marks omitted). Further, Canon 3(A)(4) of the North Carolina Code of Judicial Conduct provides: "[a] judge should accord to every person who is legally interested in a proceeding, or the person's lawyer, full right to be heard according to law, and, except as authorized by law, neither knowingly initiate nor knowingly consider *ex parte* or other communications concerning a pending proceeding." N.C. Code of Judicial Conduct, Canon 3(A)(4).

On remand, the trial court engaged in *ex parte* communications with counsel for DSS and the GAL prior to the entry of the 2021 Termination Order in an unrecorded in-chambers meeting. Respondent-Father contends "the trial court acted under a misapprehension of the law that on remand [Respondent-Father] was no longer a party to the proceedings [and] was not entitled to due process and fundamentally fair procedures, or both."

- 5 -

We agree that the Record reflects the trial court appears to have acted under a "misapprehension of the law" by conducting the in-chambers meeting on remand and that such a misapprehension warrants remand. *See In re M.K.*, 241 N.C. App. 467, 475, 773 S.E.2d 535, 541 (2015) ("Our Supreme Court has held that 'where it appears that the judge below has ruled upon matter before him upon a misapprehension of the law, the cause will be remanded . . . for further hearing in the true legal light.'" (quoting *Capps v. Lynch*, 253 N.C. 18, 22, 116 S.E.2d 137, 141 (1960)).

Nothing in the Record indicates Respondent-Father or counsel for Respondent-Father were provided notice of the trial court's proceedings on remand. As such, Respondent-Father was not afforded an opportunity to participate or be heard on the 2021 Termination Order prior to its entry. In briefing to this Court and in response to Respondent-Father's due process argument, both DSS and the GAL appear to suggest any error in this regard was harmless because the trial court was not required to conduct a new hearing or consider new evidence in entering the 2021 Termination Order on remand.

The Supreme Court remanded the case for "further proceedings not inconsistent with this opinion, including the entry of a new termination order containing proper findings of fact and conclusions of law." *Z.G.W.*, 376 N.C. at 782, 855 S.E.2d at 158. As such, the trial court was permitted, but not required, to hear from the parties on remand. Nevertheless, the trial court did hear from two of the

parties: DSS and the GAL. Respondent-Father, as a party to the termination proceedings, was still entitled to procedural due process, including proper service of process, notice of proceedings, and fair procedures. *See Santosky*, 455 U.S. at 753-54, 71 L. Ed. 2d at 606 (1982) (holding a state must provide respondents with fundamentally fair procedures when it moves to destroy weakened familial bonds). Once the trial court determined to hear from the GAL and DSS on the matter on remand, Respondent-Father was entitled to basic notice and an opportunity to be heard. The error in this regard is further compounded by the fact there is no record of what was discussed or presented to the trial court in-chambers for us to review.[3]

Thus, on remand, Respondent-Father was entitled to the same due process protections and fundamentally fair procedures afforded to him at the outset of the termination proceedings. Therefore, by engaging with counsel for DSS and the GAL outside the presence and without prior notice to Respondent-Father, the trial court violated Respondent-Father's due process right to notice and an opportunity to be heard. Consequently, we vacate the 2021 Termination Order and remand this matter for the trial court to enter a new Termination of Parental Rights Order with fundamentally fair procedures consistent with the Due Process Clause of the Fourteenth Amendment.

## Conclusion

---

[3] The Record on Appeal contains a narrative in which the parties simply acknowledge this in-chambers meeting took place.

Accordingly, for the foregoing reasons, we vacate the 2021 Termination Order and remand this matter to the trial court for further proceedings as set forth herein and consistent with our Supreme Court's prior decision in this case.

VACATED AND REMANDED.

Judges DILLON and TYSON concur.